UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CALVIN BROWN,                                                          COMPLAINT

                 **Plaintiff,**                                        25 cv 768

                                                                         ECF Case

   vs.

The CITY OF NEW YORK,
TAYLOR YOUNG, JOHN DOES,                                  **JURY TRIAL DEMANDED**
in their individual and official capacities,

                Defendants.
-------------------------------------------------------------x

Plaintiff Calvin Brown, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises from various civil rights violations against Calvin Brown ("Plaintiff" or "Brown") by New York City police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest, unlawful seizure, unlawful search, violation of procedural due process, and failure to intervene. Additionally, Plaintiff asserts analogous claims under New York State and New York City Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state, municipal, and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4.   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.   The individual defendants are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7.   On the date of the incident giving rise to this complaint, the individual defendants were detectives assigned to the NYPD 25th Precinct Detective Squad.

8.   Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

9. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

10. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

11. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

12. On December 27, 2023, around 10:30 a.m., Plaintiff was driving south on the Hutchinson Parkway in Westchester County; he was heading to work at Harlem Hospital in Manhattan.

13. While lawfully driving his car (a 2019 Infinity QX80), Plaintiff was suddenly pulled over by Westchester police officers, and soon numerous police vehicles surrounded Plaintiff.

14. The Westchester police explained to Plaintiff that his vehicle had been "flagged" by the NYPD and that they were waiting for additional information and instruction from the NYPD.

15. NYPD detectives from the 25th Precinct had issued an Investigation Card ("I-card") against Plaintiff because they believed Plaintiff had information about criminal activity.

16. When contacted by the Westchester police about having Plaintiff in custody, the 25th Precinct Detective Squad instructed the Westchester police to keep Plaintiff detained.

17. Because the 25th Precinct detectives had falsely described Plaintiff in the I-Card as a dangerous suspect, the Westchester police handled Plaintiff aggressively, deploying many officers to the scene of his arrest, handcuffing Plaintiff behind his back and refusing to loosen the handcuffs despite Plaintiff's cooperation, peacefulness, and protests of pain and pre-existing injury.

18. There was no probable cause or reasonable suspicion that Plaintiff was involved in any criminal activity.

19. Plaintiff is a hard-working, well-respected business owner and community figure; he does not live a life of crime.

20. Yet by issuing an I-card for Plaintiff – which alerted law enforcement agencies that Plaintiff was wanted by the NYPD, and possibly armed and dangerous – the NYPD detectives were able to achieve Plaintiff's sudden arrest and detention.

21. Following the NYPD's instructions, the Westchester police transported Plaintiff to a stationhouse with holding cells where Plaintiff was detained for hours while waiting for NYPD detectives from the 25th Precinct to arrive.

22. When two NYPD 25th Precinct detectives arrived – Detective Taylor Young and Detective John Doe – they questioned Plaintiff, vaguely, about criminal activity around the neighborhood of his business in Harlem; Plaintiff didn't know what the detectives were talking about.

4

23. After the questioning, the detectives instructed the Westchester police to release Plaintiff but to seize his car.

24. The detectives did not provide a reason to seize Plaintiff's car.

25. Before leaving, the detectives provided Plaintiff their business card, which appeared as follows:



26. Over the course of the next two months, Plaintiff worked tirelessly to get his car back, but the NYPD offered him little help and information; there was no process for him to get back his vehicle.

27. On January 16, 2024, Plaintiff's vehicle was towed from Westchester to the 25th Precinct, where it was searched (without a warrant) then sat in the parking lot for another month and a half, while Plaintiff could do nothing to get it back; he could only take photographs from behind the gated lot, such as this one:

5



28. Plaintiff suffered economic loss and distress as he was unable to use his car to transport goods for his food and drink business in Harlem.

29. Plaintiff's car was officially invoiced on January 16, 2024 by the 25th Precinct Detective Squad; it was assigned Invoice No. 1001736605, and the NYPD Property Clerk Invoice – a four-page document – classifies the property category as "investigatory," does not name any police officers but identifies the invoicing and investigating officer as having Tax ID No. 955683 (which is Detective Taylor Young's Tax ID number), refers to Complaint No. 2023-025-009963 and a December 23, 2023 incident of "felony" "assault," and states the Detective Squad Case Number is 2023-3580.

30. The NYPD released Plaintiff's car on approximately February 20, 2024.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

31. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and scope of their duties.

32. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments of the United States Constitution.

**FAILURE TO TRAIN AND SUPERVISE**

34. Upon information and belief, the individual defendants' aforementioned abuse of power was not an isolated event. There were other instances of misconduct by the individual defendants that Defendant City knew or should have known about.

35. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

**DAMAGES**

36. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution;

    b. Loss of liberty;

    c. Economic Loss;

    d. Severe emotional trauma, distress, degradation, and suffering.

**SECTION 1983 CLAIMS**

## FIRST CLAIM

### False Arrest Under Section 1983

37. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

38. By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from false arrest.

39. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

40. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Unlawful Seizure Under Section 1983

41. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

42. By the actions described, the individual defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from unlawful seizures of his property – in this case, his car.

43. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Unlawful Search Under Section 1983

44. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

45. By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from unlawful searches.

46. As detailed above, the individual defendants intentionally and unlawfully searched Plaintiff's vehicle, where he had a reasonable expectation of privacy, without a warrant or other lawful basis.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Violation of Procedural Due Process Under Section 1983

48. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein, and further allege as follows:

49. By the actions described, Defendants deprived Plaintiff of his Fourteenth Amendment right to due process of law.

50. Rather than provide Plaintiff a process to obtain his car back, the defendants exercised arbitrary discretion by holding onto Plaintiff's car for investigatory purposes for nearly two months.

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Failure to Intervene Under Section 1983

52. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

53. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

54. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

55. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

## FIRST CLAIM

### False Imprisonment Under N.Y. State Law

56. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

57. The individual defendants intentionally caused the arrest and detention of Plaintiff without probable cause, without a warrant, and without privilege or consent.

58. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Right of Security Against Unreasonable Search and Seizure and Excessive Force Under New York City Administrative Code

59. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

60. As detailed above, the individual defendants intentionally violated Plaintiff's right to be secure against unreasonable seizures and malicious prosecution in violation of New York City Administrative Code Title 8, Chapter 8: The Right of Security Against Unreasonable Search and Seizure and Against Excessive Force Regardless of Whether Such Force Is Used In Connection with a Search or Seizure. § 8-803 Civil action for deprivation of rights.

61. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

### Malicious Abuse of Process

62. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

63. As detailed above, the individual defendants caused the arrest and detention of Plaintiff not because they were justified to do so, but in order to question Plaintiff on criminal activity, to go on a fishing expedition with the hope Plaintiff could provide them some valuable information, and, as part of that fishing expedition and pressure campaign, to seize plaintiff's vehicle and search it.

64. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

### Violation of Due Process under N.Y. State Constitution

65. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein, and further alleges as follows:

11

66. By the actions described, Defendants deprived Plaintiff of his rights to due process of law under the New York State Constitution.

67. Rather than provide Plaintiff a process to obtain his car back, the defendants exercised arbitrary discretion by holding onto Plaintiff's car for "investigatory purposes" for nearly two months.

68. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiffs sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law
(Against Defendant City of New York)**

69. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

70. Defendant City owed a duty of care to Plaintiff to prevent the violations and abuse sustained by Plaintiff.

71. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

72. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

73. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

74. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## SIXTH CLAIM

**Respondeat Superior Under N.Y. State Law**

75. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

76. Defendant City is the employer of the individual defendants.

77. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment.

78. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a. An order awarding compensatory damages for Plaintiff Calvin Brown in an amount to be determined at trial;

    b. An order awarding punitive damages in an amount to be determined at trial;

    c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d. Such other and further relief as this Court may deem appropriate.

DATED: January 25, 2025  
New York, New York

_____  
CYRUS JOUBIN, ESQ.  
43 West 43rd Street, Suite 119  
New York, NY 10036  
(703) 851-2467  
joubinlaw@gmail.com  
Attorney for Calvin Brown